UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MICHAEL HORTON, )</br>)</br>Plaintiff, )</br>)</br>VS. )</br>)</br>TONY C. PARKER, ET AL., )</br>)</br>Defendants. ) | No. 20-1283-JDT-cgc |

ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*,
ASSESSING $350 FILING FEE IN ACCORDANCE WITH PLRA,
AND TRANSFERRING CASE PURSUANT TO 28 U.S.C. § 1406(a)

On December 29, 2020, Michael Horton, Tennessee Department of Correction (TDOC) prisoner number 349961, who is incarcerated at the Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee, filed a *pro se* civil complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The motion did not include a copy of Plaintiff's inmate trust account statement, as required by the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). Plaintiff has stated, however, that prison officials will not give him a copy of the account statement despite his repeated requests. (ECF No. 2-1 at PageID 16.)

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[1] Although the

---

[1] The civil filing fee is $350. *See* 28 U.S.C. § 1914(a). Under § 1914(b) and the Schedule of Fees set out following the statute, the Clerk also is required to collect an administrative fee of $50 for filing any civil case. However, the additional $50 fee does not apply when a plaintiff is granted leave to proceed *in forma pauperis*.

obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* at 604. In this case, though Plaintiff has not submitted a copy of his trust account statement, he cannot be penalized for prison officials' failure to provide him with the document. The motion to proceed *in forma pauperis* is therefore GRANTED in accordance with the terms of the PLRA, and Plaintiff is assessed the $350 filing fee.

Plaintiff is ORDERED to cooperate fully with prison officials in carrying out this order. It is ORDERED that the trust account officer at Plaintiff's prison shall calculate and submit to the Clerk of Court a partial initial filing fee equal to twenty percent (20%) of the greater of the average monthly balance in or monthly deposits to Plaintiff's trust account for the six months immediately preceding the completion of the affidavit. 28 U.S.C. § 1915(b)(1).

It is further ORDERED that after the initial partial filing fee is fully paid, the trust account officer shall withdraw from Plaintiff's trust account and submit to the Clerk monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10, until the $350 filing fee is paid.

Each time the trust account officer makes a payment to the Court as required by this order, he shall submit to the Clerk along with the payment a copy of the prisoner's account statement showing all activity in the account since the last payment under this order. All payments and account statements should be sent to:

Clerk, United States District Court, Western District of Tennessee,
111 S. Highland Ave., Rm. 262, Jackson, TN  38301

and shall clearly identify Plaintiff's name and the case number as included on the first page of this order.

If Plaintiff is transferred to a different prison, he shall provide the officials at the new facility with a copy of this order. The Clerk shall mail a copy of this order to the official in charge of trust fund accounts at Plaintiff's prison. The Clerk is further directed to forward a copy of this order to the Warden of the TTCC to ensure the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

Plaintiff has sued Tony C. Parker, TDOC Commissioner; Lee Dotson, TDOC Assistant Commissioner of Prisons; Candace Whisman, Director of TDOC Sentence Management; and Teresa A. Nelson, an Assistant District Attorney for Sullivan County, Tennessee. Though his allegations are not entirely clear, Plaintiff alleges that his prior sentences were miscalculated, resulting in his being held in prison past the correct expiration date. (ECF No. 1 at PageID 4.) He wants "the time I was held . . . past my expiration date to be credits to case 566,464. An[d] to run my Virginia sentence concurrent with my Tennessee sentence." (*Id.* at PageID 5.) Plaintiff further states he wants "my freedom" and to be "compensated for every day I was held . . . past my expiration date: ($5,000,000)." (*Id.*)

Twenty-eight U.S.C. § 1391 authorizes the commencement of a civil action in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction.

This case has no connection at all with this district. The TDOC Defendants are employed in Nashville, Tennessee, where the TDOC is headquartered, and likely reside in the counties surrounding Nashville, part of the Nashville Division of the Middle District of Tennessee. 28 U.S.C. § 123(b)(1). Defendant Nelson presumably resides in or around Sullivan County, part of the Northeastern Division of the Eastern District of Tennessee. *Id.* § 123(a)(2). This action therefore should not have been brought in this district.

Twenty-eight U.S.C. § 1406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Three of the four Defendants in this case are in the Middle District, and Plaintiff is incarcerated at the TTCC in Trousdale County, also in the Middle District. Accordingly, this case is hereby TRANSFERRED, pursuant to 28 U.S.C. § 1406(a), to the Nashville Division of the U.S. District Court for the Middle District of Tennessee.[2]

The Clerk is directed to close this case without entry of judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's present complaint appears to be very similar to a prior case he filed in this Court, *Horton v. Tennessee Department of Correction*, No. 1:18-cv-1081-JDT-cgc (W.D. Tenn. filed May 3, 2018). The Court also transferred that prior action to the Middle District of Tennessee.

4

Case 3:20-cv-01114   Document 5   Filed 12/30/20   Page 4 of 4   PageID #: 24