# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL HORTON, | ) |
| Plaintiff, | ) |
| | ) NO. 3:20-cv-01114 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| TONY PARKER, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Michael Horton, an inmate at the Trousdale Turner Correctional Center in Hartsville, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 in the Western District of Tennessee. (Doc. No. 1). He also filed a Motion to appoint counsel. (Doc. No. 3). The Western District granted Plaintiff's application to proceed as a pauper and transferred the action to this judicial district. (Doc. No. 5). The Complaint is before the Court for an initial review under the Prison Litigation Reform Act and the in forma pauperis statute.

## I. INITIAL REVIEW

The Court must dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c)(1). The Court also must liberally construe pro se pleadings and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### A. Factual Allegations

Plaintiff alleges that the Tennessee Department of Correction ("TDOC") has improperly calculated his sentence. (Doc. No. 1 at 4). He also seems to allege that he is currently incarcerated

due to a probation violation, but that his term of probation was expired at the time it was revoked. (Doc. No. 1 at 4). Plaintiff requests recalculation of his sentence, release from custody, and monetary damages for every day he has been incarcerated since his sentence expired. (*Id.* at 5). He brings this action against three TDOC officials and a Sullivan County District Attorney. (*Id.* at 3).

**B. Legal Standard**

To determine if the Complaint passes initial review under the applicable statutes, the Court applies the Rule 12(b)(6) standard. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

**C. Analysis**

Here, Plaintiff fails to state a claim upon which relief may be granted because Section 1983 is not the appropriate vehicle for the type of challenge Plaintiff is presenting. "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a [Section 1983] complaint." *Muhammad v. Close*, 540 U.S. 749, 750 (2004). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a [Section] 1983 action." *Id.*

Plaintiff's challenge to the calculation of his sentence is a challenge to the duration of his confinement. Plaintiff may pursue this challenge through a habeas corpus petition filed under

2

Section 2254, but not a civil rights complaint filed under Section 1983. *See Wershe v. Combs*, 763 F.3d 500, 504 (6th Cir. 2014) (quoting *Preiser*, 411 U.S. at 500) ("Where the relief sought is 'a determination that he is entitled to immediate release or a speedier release from that imprisonment,' the prisoner must pursue relief through a writ of habeas corpus, not through § 1983."); *see also Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) ("[Section] 2254 allows state prisoners to collaterally attack either the imposition or the execution of their sentences."). Accordingly, this Section 1983 action must be dismissed.

## II. CONCLUSION

For these reasons, this action is **DISMISSED** for failure to state a claim under Section 1983. Plaintiff's Motion to appoint counsel (Doc. No. 3) is **DENIED** as moot.

This dismissal is without prejudice to Plaintiff's ability to file a habeas corpus petition under 28 U.S.C § 2254 challenging the calculation of his sentence. The Clerk is **DIRECTED** to send Plaintiff a blank Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (AO 241), for Plaintiff's use should he choose to file such a petition. However, the Court makes no representations regarding the viability of any such petition Plaintiff may file.

Additionally, for the same reasons that the Court dismisses this action, the Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. 28 U.S.C § 1915(a)(3). The Court, therefore, will not grant Plaintiff leave to proceed as a pauper on any appeal.

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE